IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MARYLAND

JEROME WANT                           :

                                      :

     v.                               :    Civil Action No. DKC 19-2545

                                      :

WASHINGTON COUNTY MD GOVERNMENT,      :
et al.                                :

                   **MEMORANDUM OPINION AND ORDER**

     Plaintiff initiated the above captioned civil rights action on September 4, 2019. ECF No. 1. Plaintiff also filed a motion for leave to proceed *in forma pauperis* (ECF No. 2) and correspondence specifically instructing the Clerk not to assign this case to the undersigned. (ECF No. 3).

     This action was assigned randomly to the undersigned pursuant to court policy. A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge also is required to disqualify himself or herself if the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). The judge's purported "bias or prejudice must, as a general matter, stem from 'a source outside the judicial proceeding at hand' in order to disqualify a judge." *Belue v. Leventhal*, 640 F.3d 567, 572 (4th Cir. 2011) (quoting *Liteky v. United States*, 510 U.S. 540, 545, 551 (1994)). Thus, a judge must recuse himself or herself if an extrajudicial source provides a reasonable factual

basis for calling the judge's impartiality into question. *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987). "The inquiry is whether a reasonable person would have a reasonable basis for questioning the judge's impartiality, not whether the judge is in fact impartial." *Id.; see Liteky*, 510 U.S. at 548 ("[W]hat matters is not the reality of bias or prejudice but its appearance."); *see also Demery v. McHugh*, No. PWG-13-2389, 2015 WL 13049184, at *2 (D. Md. Oct. 23, 2015) (same), *aff'd,* 641 Fed.Appx. 263 (4th Cir. 2016). There is no reasonable factual basis for questioning the impartiality of the assigned judge and there is no personal bias or prejudice concerning any of the parties. Consequently, there is no basis for recusal, and Plaintiff's motion will be denied. *See In re Beard*, 811 F.2d at 827; 28 U.S.C. § 455(a), (b)(1).

Accordingly, it is this 9th day of September, 2019, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff's correspondence requesting that this action not be assigned to the undersigned, construed as a motion to recuse, BE, and the same hereby IS, DENIED; and

2. The Clerk IS DIRECTED to transmit a copy of this Order to Plaintiff.

/s/<br>
DEBORAH K. CHASANOW<br>
United States District Judge